# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALL BRANDS DISTRIBUTION, LLC,

*Plaintiff,*

vs.

Case No. 6:18-cv-01354-EFM-GEB

VITAL PHARMACEUTICALS, INC.,

*Defendant.*

## MEMORANDUM AND ORDER

Plaintiff All Brands Distribution, LLC ("ABD") brought this action alleging breach of contract and implied covenant of good faith and fair dealing, promissory estoppel, and unjust enrichment and quantum meruit against Defendant VPX Pharmaceuticals, Inc., d/b/a VPX Sports ("VPX"). Plaintiff designated Wichita, Kansas, as the place of trial. VPX moves to transfer venue for convenience to the United State District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Court denies Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. 13).

### I. Factual and Procedural Background

Plaintiff ABD is a beverage distribution company incorporated in Kansas with its principal place of business in Kansas. All employees of ABD reside and work in Kansas. Defendant VPX produces energy drinks and is incorporated under the laws of Florida with its

principal place of business in Florida. In 2013, Joe Huntowski, VPX's Midwest Division Sales Manager, traveled to Wichita to initiate a distribution relationship with ABD. Throughout the alleged relationship, ABD distributed VPX products exclusively in Wichita as well as in various Kansas counties. During negotiations, VPX introduced a proposed Distribution Agreement containing a forum selection clause designating Broward County, Florida, as the proper venue to bring any disputes. The parties never executed the proposed Distribution Agreement. Rather, any agreements ABD alleges to have existed between the parties were either implied or oral.

In 2018, VPX chose to end its relationship with ABD. ABD subsequently filed suit against VPX for breach of contract and implied covenant of good faith and fair dealing, promissory estoppel, and unjust enrichment and quantum meruit in the United States District Court for the District of Kansas. VPX now moves to transfer venue to the District of Southern Florida.

## II.     Legal Standard

Under 28 U.S.C.§ 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The court considers the following factors in determining whether to grant a transfer: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the enforceability of the judgment, (5) the possibility of obtaining a fair trial, (6) the difficulties that may arise from docket congestion, (7) questions arising from conflicts of laws, (8) the advantage of a local court deciding questions of local law, and (9) all other practical considerations that make a trial easy, expeditious, and

economical.[1] The Court exercises broad discretion in determining whether to grant a motion to transfer and weighs each factor on a case-by-case basis.[2] The moving party bears the burden of proof to show that the facts weigh *heavily* in favor of transfer.[3] " '[U]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed.' "[4] "Merely shifting the inconvenience from one side to the other[ ] obviously is not a permissible justification for a change of venue."[5]

### III. Analysis

For the purposes of the present case, the Court considers the following issues: the plaintiff's choice of forum, the convenience and accessibility of witnesses and other evidence, the forum selection clause in the unexecuted Distribution Agreement, and problems that may arise from a congested docket. Applying these factors, the Court finds that the motion to transfer is unwarranted because the facts do not weigh so strongly in Defendant's favor that Plaintiff's choice of forum should be disturbed.

### A. Plaintiff's Choice of Forum

In a motion to transfer analysis, the Court gives the plaintiff's choice of venue great weight.[6] Courts give less weight to plaintiff's choice of forum where the plaintiff or lawsuit

---

[1] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[2] *McDermed v. Marian Clinic, Inc.*, 2014 WL 6819407, at *1 (D. Kan. 2014).

[3] *Thompson v. Titus Transp. LP*, 2012 WL 5933075, at *3 (D. Kan. 2012).

[4] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

[5] *Id.* at 966 (citation omitted).

[6] *Id.* at 965.

have little relation to the chosen forum.[7] Here, both ABD and the lawsuit have significant relation to Kansas. Kansas is ABD's place of incorporation, principal place of business, and where most of the events giving rise to this suit occurred. Moreover, all of ABD's owners and employees reside and work in Kansas. The initial communication between the parties occurred in Kansas and ABD distributed VPX products exclusively in Kansas. Although ABD could have brought this case in Florida, ABD's choice to file in Kansas is also proper, and the Court gives it great weight. ABD's choice of forum weighs against transfer.

**B.     Convenience and Accessibility of Witnesses and Other Evidence**

Witness convenience is the most important factor under a § 1404(a) analysis.[8] To establish inconvenience, "the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary."[9]

Here, VPX identifies material witnesses who either reside in Florida or frequently travel to Florida; however, VPX fails to demonstrate that any witnesses are unwilling to come to trial or that their deposition testimony would be unsatisfactory. "The fact that most witnesses live outside of Kansas does not weigh heavily when establishing that a forum is inconvenient in the modern age."[10] VPX further argues that other evidence is located at the VPX headquarters in Florida and would be burdensome to transfer; however, ABD asserts that documentary evidence

---

[7] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010); *McDermed*, 2014 WL 6819407, at *2.

[8] *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169.

[9] *Id.* (internal quotations and alterations omitted).

[10] *McRae v. Tautachrome, Inc.*, 2018 WL 3068112, at *6 (D. Kan. 2018).

also exists in Wichita and identifies several material witnesses who reside and work in Kansas. By transferring the case, any inconvenience and expense avoided by VPX and its Florida witnesses would merely transfer to ABD and its Kansas witnesses. "Furthermore, modern transportation and communications technology have significantly decreased the difficulties and burdens associated with interstate travel."[11] Convenience and accessibility of witnesses and other evidence is a neutral factor.

**C.     Forum Selection Clause**

A forum selection clause "should receive neither dispositive consideration nor no consideration," but rather, its weight is subject to the discretion § 1404 accords the Court.[12] VPX argues that the forum selection clause in the proposed Distribution Agreement is a significant factor the Court should consider. Although VPX is correct in its assertion that forum selection clauses weigh in favor of transfer,[13] the proposed Distribution Agreement was never executed, nor does ABD assert that the alleged contract was based on the provisions set forth in the proposed Distribution Agreement. Thus, the Court does not give weight to the unexecuted forum selection clause.

**D.     Problems that May Arise from Docket Congestion**

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending

---

[11] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, Inc.*, 2014 WL 172197, at *6 (D. Kan. 2014).

[12] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988).

[13] *See Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 59–60 (2013) (stating that under a § 1404(a) analysis, a Court should give a valid forum selection clause "controlling weight").

cases per judge, and average weighted filings per judge."[14] The Southern District of Florida has a significantly shorter median time from filing to disposition and a shorter median time from filing to trial, whereas the District of Kansas has slightly fewer pending cases per judge and fewer weighted filings per judge.[15] Although the issue of docket congestion weighs slightly in favor of transfer due to the District of Kansas's longer time between filing and disposition, the potential for a less timely disposition here will not create a great injustice. Therefore, docket congestion is not sufficiently substantial to outweigh factors against transfer.

### IV. Conclusion

Exercising the discretion afforded to the Court by 28 U.S.C. § 1404, the Court concludes that the factors in favor of transfer do not weigh so heavily as to disturb Plaintiff's choice of forum. Neither the convenience of the parties nor the interest of justice would be better served by transferring the case to the District of Southern Florida.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 8th day of October, 2019.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169.

[15] U.S. District Courts, Combined Civil and Criminal Federal Court Management Statistics (June 30, 2019), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2019.pdf.